DARYL S. LANDY (SBN 136288)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel: +1.714.830.0600
Fax: +1.714.830.0700
Email: daryl.landy@morganlewis.com

ANDREW P. FREDERICK (SBN 284832)
ALEKSANDR MARKELOV (SBN 319235)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001
Email: andrew.frederick@morganlewis.com
Email: aleksandr.markelov@morganlewis.com

Attorneys for Defendants
COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; COMCAST CABLE COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO AZEVEDA, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company; COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-cv-1225<br><br>**DEFENDANTS COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC AND COMCAST CABLE COMMUNICATIONS, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453] |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, Defendants Comcast Cable Communications Management, LLC and Comcast Cable Communications, LLC ("Comcast") hereby remove the above-entitled action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction in the form of federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a claim arising under the laws of the United States.  This Court also has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

Comcast states the following in support of this removal:

**I.      SUMMARY OF COMPLAINT**

1.      On January 30, 2019, Plaintiff Mario Azeveda ("Plaintiff")[1] filed an unverified class action complaint in the Superior Court of the State of California, for the County of Santa Clara, entitled *Mario Azeveda v. Comcast Cable Communications Management, LLC et al.*, Case No. 19CV341868 ("Complaint").  The Complaint alleges ten causes of action: (1) violation of 15 U.S.C. § 1681b(b)(2)(A) (Fair Credit Reporting Act ("FCRA")); (2) violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (FCRA); (3) violation of California Civil Code §§ 1786 *et seq.* (Investigative Consumer Reporting Agencies Act); (4) violation of California Civil Code §§ 1785 *et seq.* (Consumer Credit Reporting Agencies Act); (5) failure to provide meal periods (Cal. Lab. Code §§ 204, 223, 226.7, 512 and 1198); (6) failure to provide rest periods (Cal. Lab. Code §§ 204, 223, 226.7, and 1198); (7) failure to pay hourly wages (Cal. Lab. Code §§ 223, 510, 1194,

---

[1] In the caption of the Complaint, Plaintiff's name is listed as "Mario Azeveda," while elsewhere in the Complaint his name appears as "Mario Azevedo."  Comcast's records reflect Plaintiff's name as the latter, "Mario Azevedo."  Declaration of Nijole Povilaitis ("Povilaitis Decl."), ¶ 4, attached as **Exhibit 4**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

1

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

1194.2, 1197, 1997.1 and 1198); (8) failure to provide accurate written wage statements (Cal. Lab. Code § 226(a)); (9) failure to timely pay all final wages (Cal. Lab. Code §§ 201, 202, and 203); and (10) unfair competition (Bus. & Prof. Code §§ 17200 *et seq.*).

2. Plaintiff commenced this action after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3. On February 4, 2019, Plaintiff caused the Complaint, Summons, and Civil Case Cover Sheet to be served on Comcast. True and correct copies of the Complaint, Summons, and Civil Case Cover Sheet served on Comcast are attached as **Exhibit 1** and are incorporated by reference.

4. On February 7, 2019, Plaintiff served on Comcast a document titled "Plaintiff's Notice Re Order Deeming Case Complex and Staying Discovery." A true and correct copy of this document is attached as **Exhibit 2** and is incorporated by reference.

5. On March 6, 2019, Comcast filed and served its Answer to the Complaint. A true and correct copy of Comcast's Answer is attached hereto as **Exhibit 3** and is incorporated by reference.

6. The Summons, Civil Case Cover Sheet, Complaint, Plaintiff's Notice Re Order Deeming Case Complex and Staying Discovery and the Answer (attached hereto as **Exhibits 1** – **3**, respectively) constitute all process, pleadings and orders that have been filed in this action.

## II.    THE REMOVAL IS TIMELY

7. Because this Notice of Removal is filed within 30 days of service of the Complaint on Comcast, it is timely under 28 U.S.C. §§ 1446(b).

8. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.    FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

9. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a).

10. Federal question jurisdiction exists under 28 U.S.C. § 1331 where the Complaint

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

2

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

asserts a claim "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393-94 (9th Cir. 1988) ("When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court."). The presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge*, 861 F.2d at 1394.

11. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged two claims under the FCRA, 15 U.S.C. §§ 1681 *et seq.*, which is a federal statute and presents a federal question.

12. Plaintiff's state law claims arise out of the same case or controversy as the federal claims over which this Court has original jurisdiction because all such claims relate to Plaintiff's employment with Comcast. Therefore, pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g.*, *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 3021042, at *4 (N.D. Cal. July 17, 2017) (holding that supplemental jurisdiction exists over plaintiff's claims because "the wage statement, reimbursement and FLSA claims all arise out of a cohesive narrative: defendant's conduct towards plaintiff in his capacity as an employee").

## IV.   DIVERSITY JURISDICTION EXISTS

### A.   The Court Has Original Subject Matter Jurisdiction Under CAFA.

13. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

14. This action is brought by a putative representative person on behalf of proposed classes of individuals. Plaintiff identifies one of the proposed classes as "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties who worked in hourly or non-exempt positions in California during the Relevant Time Period." Compl., ¶ 15. As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

3

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

15. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and Comcast, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1453.[2] Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

### B. Diversity of Citizenship Exists.

16. In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, such that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

#### 1. Plaintiff Is a Citizen of California.

17. "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

18. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any,

---

[2] Comcast does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or representative action. Comcast further does not concede that any of Plaintiff's allegations constitute a viable claim for relief or cause of action under applicable federal or California law.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

4

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

in order to dispute domicile. *Id*.

19. Plaintiff alleges he is a resident of the State of California. Compl., ¶ 8. Plaintiff also worked for Comcast in California and provided Comcast with a home address in California. Povilaitis Decl., ¶ 4. Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is, was, or will be a citizen of states other than California at any time relevant to the Complaint. Thus, Plaintiff has been domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

### 2. Defendants Are Citizens of Pennsylvania and Delaware.

20. Neither Defendant Comcast Cable Communications Management, LLC, nor Defendant Comcast Cable Communications, LLC, has been a citizen of California since the commencement of this action. "An LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Lafountain v. Meridian Senior Living, LLC*, 2015 WL 3948842, at *2 (C.D. Cal. June 29, 2015) ("If any member of a limited liability company ('LLC') is itself a partnership or association (or another LLC), the federal court needs to know the citizenship of each submember as well."). "If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown." *Carleu v. FCA US LLC*, 2016 WL 304295, at *1 (C.D. Cal. Jan. 25, 2016). The principal place of business, determined under the "nerve center" test, is the state where the company's "officers direct, control, and coordinate [its] activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A company's nerve center "should normally be the place where [it] maintains its headquarters." *Id*. Relevant factors include where executives maintain their offices. *See, e.g.*, *Tomblin v. XLNT Veterinary Care, Inc.*, 2010 WL 2757311, at *4 (S.D. Cal. July 12, 2010).

21. Defendant Comcast Cable Communications Management, LLC is and has been since the commencement of this action a limited liability company organized under the laws of the State of Delaware and its sole member has been Defendant Comcast Cable Communications, LLC. Declaration of Derek H. Squire ("Squire Decl."), ¶ 3, attached as **Exhibit 5**. Comcast

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

5

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

Cable Communications, LLC, in turn, is and has been since the commencement of this action a limited liability company organized under the laws of the State of Delaware and its sole member has been Comcast Holdings Corporation. *Id.*, ¶ 4. Comcast Holdings Corporation is and has been since the commencement of this action a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania, where its headquarters have been located and its executive officers have maintained their offices. *Id.*, ¶¶ 5-6. These officers have directed, controlled, and coordinated Comcast Holdings Corporation's business activities and operations from Pennsylvania. *Id.*, ¶ 6. Therefore, neither Defendant Comcast Cable Communications Management, LLC, nor Defendant Comcast Cable Communications, LLC is a citizen of California for purposes of diversity jurisdiction.

22. Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of the Defendants, as the named Plaintiff is a citizen of California, while Defendants are citizens of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Thus, minimal diversity exists.

23. Although Plaintiff lists 50 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

**C.   There Are More Than 100 Putative Class Members.**

24. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members. Comcast has employed at least 3,832 individuals in non-exempt positions in California during the putative class period. Povilaitis Decl., ¶ 3.

**D.   The Amount-in-Controversy Requirement Is Satisfied.**

25. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

6

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

26. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R. Rep. No. 112–10, p. 16 (2011).

27. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding CAFA's applicability should be resolved in favor of federal jurisdiction. Sen.Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

28. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period. 471 Fed. App'x at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

29. While Comcast denies Plaintiff's factual allegations and denies that he or the putative classes he purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

7

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[3] *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

### 1. Plaintiff's Meal Break Claim Places at Least $1,944,580 in Controversy.

30. In the Fifth Cause of Action, Plaintiff alleges that Comcast has "maintained a policy or practice of not providing Plaintiff and members of [the putative class] with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage order." Compl., ¶ 114. Plaintiff further alleges that "[a]s a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked." *Id.*, ¶ 28. Plaintiff further alleges that Plaintiff and the putative class he purports to represent are thus entitled to damages of premium wages calculated at the employees' regular rate of pay for meal periods that were not provided. *Id.*, ¶ 118. The class period is alleged to include the four years prior to the date of the filing of the Complaint. *Id.*, ¶ 15.

31. California Labor Code Section 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided." *See also Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

---

[3] This Notice of Removal discusses the nature and amount of certain damages Plaintiff's Complaint places at issue. Comcast's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Comcast maintains that each of Plaintiff's claims is without merit and that Comcast is not liable to Plaintiff or any putative class member. In addition, Comcast denies that liability or damages can be established on a class-wide basis. Comcast specifically denies that Plaintiff or the putative class members have suffered any damages as a result of any act or omission by Comcast. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

8

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

32. Although Comcast would be entitled for purposes of this Removal to estimate that putative class members missed a meal period five times per week based on the Complaint's allegations, here Comcast will limit its estimate to only one claimed missed meal period for every workweek and will limit its estimate to only one year of the relevant four-year limitations period. From January 30, 2018 through January 30, 2019, Comcast employed approximately 3,832 full-time, non-exempt employees in California for a total of approximately 176,780 workweeks. Povilaitis Decl., ¶ 3. Assuming that Comcast failed to provide one meal period each workweek to Plaintiff and putative class members, the potential amount in controversy under Section 226.7 for failing to provide meal breaks would be: 176,780 workweeks x 1 missed meal period per workweek x $11 (lowest minimum wage)[4] = $1,944,580.

2. <u>Plaintiff's Rest Break Claim Places at Least $1,944,580 in Controversy.</u>

33. In the Sixth Cause of Action, Plaintiff alleges that, "at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the Rest Period Sub-Class with net rest period[s] of at least ten minutes for each four hour work period" and that Defendant "failed to pay Plaintiff and [the putative class members] additional premium wages when required rest periods were not provided." Compl., ¶¶ 127-128. Plaintiff further alleges that "[a]s a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked." *Id.*, ¶ 31. Plaintiff further alleges that he and the putative class he purports to represent are thus entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code section 226.7. *Id.*, ¶ 130. The class period is alleged to include the last four years from the date of the filing of the Complaint. *Id.*, ¶ 15.

34. California Labor Code Section 226.7 provides that if an employer fails to provide meal or rest periods as required by law, the employer shall pay "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided." *See also Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

---

[4] For purposes of calculating potential exposure for meal and rest break claims, Comcast conservatively uses $11 per hour – the lowest minimum wage from January 30, 2018 through January 30, 2019.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

9

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

35.     Although Comcast would be entitled for purposes of this Removal to estimate that putative class members missed a rest period five times per week based on the Complaint's allegations, here Comcast will limit its estimate to only one claimed missed rest period per workweek and will limit its estimate to only one year of the relevant four-year limitations period. From January 30, 2018 through January 30, 2019, Comcast employed approximately 3,832 full-time, non-exempt employees in California for a total of approximately 176,780 workweeks. Povilaitis Decl., ¶ 3. Assuming that Comcast failed to permit one rest period each workweek to putative class members during this year period, the potential amount in controversy under Section 226.7 for failing to authorize and permit rest breaks would be: 176,780 workweeks x 1 missed rest period per workweek x $11 (lowest minimum wage) = $1,944,580.

### 3. Plaintiff's Waiting Time Penalties Claim Places at Least $7,340,246 in Controversy.

36.     In the Ninth Cause of Action, Plaintiff seeks statutory waiting time penalties against Comcast for allegedly failing to timely pay all wages due upon termination pursuant to California Labor Code sections 201-203. Compl., ¶¶ 169-170. Specifically, Plaintiff alleges that during the putative class period Defendant has "been willful in that [Defendant has] the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements." *Id.*, ¶ 171.

37.     California Labor Code Section 203 provides for a penalty of up to 30 days of daily wages at the same rate for an injured employee. The statute of limitations for "waiting time" penalties under Labor Code Section 203 is three years.[5] From January 30, 2016, to the present, approximately 1,394 individuals who worked for Comcast as full-time, non-exempt employees in California separated from their employment with Comcast.[6] Povilaitis Decl., ¶ 3. The average final hourly rate of pay for these individuals is $21.94. *Id.* Thus, under Plaintiff's theory of the case, if each separated full-time, non-exempt employee could recover maximum waiting time penalties of 30 days of daily wages for 1,394 members of the putative class, the aggregate

---

[5] *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.
[6] Full-time employees at Comcast generally are expected to work forty hours per week. Povilaitis Decl., ¶ 3.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

10

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

1  recovery would be: $7,340,246.40 ($21.94 average hourly rate x 8 hours x 30 days x 1,394).

### 4. For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000.

38. As demonstrated above, the alleged damages on Plaintiff's Fifth, Sixth, and Ninth Causes of Action, total at least $11,229,406. In addition, Plaintiff seeks recovery for himself and all putative members for further causes of action, including unpaid overtime, wage statement penalties, and restitution damages due to alleged unfair business practices. Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.

39. Based on the calculations outlined above, the total amount in controversy exceeds $5,000,000.00 as follows:

    A.    Meal period premiums: **$1,944,580**

    B.    Rest period premiums: **$1,944,580**

    C.    Waiting-time penalties: **$7,340,246**

**TOTAL AMOUNT IN CONTROVERSY: $11,229,406**

40. Thus, although Comcast denies Plaintiff's allegations and theories of maximum recovery, denies that he or the putative classes he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the amount in controversy on *only three* of Plaintiff's *ten claims* for damages is at least **$11,229,406** and greatly exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

41. Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement of CAFA.

## V. COMCAST HAS SATISFIED THE OTHER PREREQUISITES FOR REMOVAL

42. As set forth above, this Notice of Removal is filed within thirty (30) days of service of process on Comcast and all process, pleadings, and orders filed in this action are attached hereto in **Exhibits 1 – 3**.

43. This action was originally brought in the Superior Court of the State of California, County of Santa Clara. Therefore, this is the appropriate Court for removal. 28 U.S.C. § 1441(a), 1446(a) and 84(a).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

11

NOTICE OF REMOVAL
Case No. 5:19-cv-1225

1  44.  As required by 28 U.S.C. § 1446(d), Comcast will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of Santa Clara.

45.  Comcast is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.  In addition, Doe defendants need not be joined in a notice of removal.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 213 (9th Cir. 1980).

46.  Comcast has sought no similar relief.

47.  If any question arises as to the propriety of the removal of this action, Comcast requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

48.  By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Comcast does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

**WHEREFORE**, Comcast respectfully requests that this action be removed from the Superior Court of the State of California, County of Santa Clara to the United States District Court for the Northern District of California.

Dated:  March 6, 2019					MORGAN, LEWIS & BOCKIUS LLP


							By	*/s/ Andrew P. Frederick*
								Daryl S. Landy
								Andrew P. Frederick

							Attorneys for Defendants
							COMCAST CABLE COMMUNICATIONS
							MANAGEMENT, LLC and COMCAST
							CABLE COMMUNICATIONS, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 36001895.3

12

NOTICE OF REMOVAL
Case No. 5:19-cv-1225